182

STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v. DER-
RICK FLINT, BARRY STEVEN JACKSON AND CLEM-
ENTINE JENKINS, DEFENDANTS-APPELLANTS.

Superior Court of New Jersey
Appellate Division

Argued January 9, 1973—Decided March 7, 1973.

Before Judges LABRECQUE, KOLOVSKY and MATTHEWS.

*Mr. Harold Goldman,* Designated Attorney, argued the cause for appellant Flint (*Mr. Stanley C. Van Ness,* Public Defender, attorney).

*Mr. Lloyd N. Simon,* Assistant Deputy Public Defender, argued the cause for appellant Jackson (*Mr. Stanley C. Van Ness,* Public Defender, attorney; *Ms. Martha K. Kwilny,* Assistant Deputy Public Defender, of counsel and on the brief).

*Mr. Stanley C. Van Ness,* Public Defender, attorney for appellant Jenkins (*Mr. Graham Roskein,* Designated Attorney, of counsel and on the brief).

*Mr. Michael R. Perle,* Deputy Attorney General, argued the cause for respondent concerning appellants Flint and Jenkins (*Mr. George F. Kugler, Jr.,* Attorney General, attorney).

*Mr. Dante P. Mongiardo,* Assistant Prosecutor, argued the cause for respondent concerning appellant Jackson (*Mr. Joseph D. J. Gourley,* Passaic County Prosecutor, attorney).

PER CURIAM. All defendants were convicted of possession of a dangerous controlled substance in violation of *N. J. S. A.* 24:21–20, and possession of a revolver in a public place in violation of *N. J. S. A.* 2A:151–41(a). Defendants Jackson and Flint were placed on probation for a period of three years on the drug charge and received six months in the Passaic County Jail on the weapons charge. Defendant Jenkins was sentenced to two concurrent indeterminate terms at the Correctional Institution for Women, Clinton.

Prior to trial defendants moved to suppress the evidence used against them in the subsequent trial. The motions were denied. We hold that this was error.

Accepting the State's version of the events leading up to defendants' arrest, we find that the police placed a motel

room in the Broadway Tourist Motel in Paterson under surveillance. Detective Clark of the Paterson Narcotics Bureau stated that he had received information that defendants Jenkins and Jackson were living in the room and he decided to "check this out." While the room was under surveillance, the police at about 2 A.M. observed a person unknown to them knock on the door of room 34. Defendant Flint whom Clark claimed to have known (how is not indicated) opened the door. When Flint opened the door the four police officers approached it. Clark stated that Flint attempted to slam the door closed, calling back into the room, "the cops are here clean up." Flint was unsuccessful in closing the door and the police pushed it open and thereafter searched the room and defendants.

We reverse. The State's reliance on our decisions in *State v. Boswell,* 115 *N. J. Super.* 253 (App. Div. 1971) ; *State v. Royal,* 115 *N. J. Super.* 439 (App. Div. 1971) ; certif. den. 59 *N. J.* 294 (1971), in support of the validity of the search here is totally unwarranted. The circumstances presented in those cases differ clearly from the circumstances presented here.

Here we are not informed what information the police had which caused them to go to the motel in the first place and take up their watch on the motel room in question. If indeed there was any information, we are not informed as to its source and reliability and there is no evidence to corroborate any inference that might be drawn that could have given the police officers probable cause to believe that illicit activity was taking place in room 34. The act of an individual rapping on the door at 2 A.M. could have been of no significance to the police since by their own admission the stranger was neither questioned nor detained. The claim of Detective Clark that defendant Flint stated, "the cops are here clean up" did not provide probable cause for entering the room.

In addition to the foregoing we note that during the trial, the testimony of one of the police officers whose credibility

the judge relied upon to support his denial of the motion to suppress differed quite sharply as to a critical phase of the events which precipitated the search. In view of the insufficiency of the State's case on the motion to suppress, that motion should have been granted.

Since we are constrained to reverse, we find it unnecessary to pass on the other grounds urged by defendants for reversal.

The judgments of conviction are reversed.